UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Interoceanica Agency, Inc. § | |
| § | Civil Action No. 4:15-cv-02460 |
| v. § | |
| § | |
| P&O Ports Texas a/k/a Ports America Texas, § | |
| Inc., Certain Underwriters at Lloyd's § | |
| subscribing to Policy No. PAW2010, § | |
| Great American Insurance Company of § | |
| New York, and TT Club Mutual Insurance, Ltd. § | |

**INTEROCEANICA AGENCY, INC.'S
COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Interoceanica Agency, Inc. brings the following Complaint for Declaratory Judgment:

**I.     THE PARTIES**

1.     Plaintiff Interoceanica Agency, Inc. ("Interoceanica") is a Florida corporation with its principal place of business in Miami, Florida.

2.     Defendant P&O Ports Texas a/k/a Ports America Texas, Inc. ("Ports") is a Texas corporation with its principal place of business in a place other than Florida.

3.     Defendant Certain Underwriters at Lloyd's subscribing to Policy No. PAW2010 ("London") are insurance syndicates located in the United Kingdom, with principal places of business in places other than Florida.

4.     Great American Insurance Company of New York ("Great American") is a New York corporation with its principal place of business in Ohio.

5.     Defendant TT Club Mutual Insurance, Ltd. ("TT Club") is an organization based in the United Kingdom with its principal place of business in London, England.

## II.     JURISDICTION & VENUE

6.      Plaintiff brings this claim for declaratory judgment pursuant to FED. R. CIV. P. 57 and 28 U.S.C. §§ 2201, 2202. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and/or subjects of a foreign state and the amount in controversy exceeds $75,000.

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to the claims underlying the need for declaratory judgment arose in this district. The related litigation is *Stacie L. McGinnis et al., v. Interoceanica Agency, Inc., et al.*, Civil Action No. 3:11-cv-214 in the United States District Court for the Southern District of Texas, Galveston Division.

## III.     INTRODUCTION

8.      Plaintiff acts as the agent of Isabella Shipping Co., Ltd, ("Isabella"), who imports fruit from Central America to Freeport, Texas in refrigerated ocean shipping containers. Container ships loaded with Isabella's containers call at the Port of Freeport approximately once per week whereupon the containers are offloaded onto chassis for eventual inland shipment to Isabella's customers.  Plaintiff, on behalf of Isabella, contracted with Ports to provide stevedoring services to offload the containers. Pursuant to the Stevedoring Agreement, Ports was obligated to name Plaintiff and Isabella as an additional assureds under Ports' liability insurance policy.

9.      Plaintiff, as agent for Isabella, also procured liability insurance on its and Isabella's behalf from Great American and TT Club.

10.     Plaintiff and Isabella were sued in connection with the death of a Ports' longshoreman and Plaintiff believes all these insurances cover Plaintiff and Isabella for their

potential liability. However, some of the insurance entities have contested coverage, and there is a question as to which insurance is primary.

### IV.   THE FACTS

11. On October 13, 2010, Darcy McGinnis ("McGinnis") died when he was crushed underneath a chassis. McGinnis was a longshoreman mechanic employed by Ports. He was in the process of repairing a chassis leased by Plaintiff, on behalf of Isabella, to ready it for the unloading of containers from a container ship that had arrived at the Port of Freeport that morning.

12. McGinnis' work was being performed pursuant to the Stevedoring Agreement entered into on February 18, 2005 between Plaintiff, on behalf or Isabella, and Ports. (Exhibit A, attached).

13. The Stevedoring Agreement obligated Ports to procure all reasonable and customary liability insurance to cover liability for bodily injury for a minimum amount of $5,000,000.00 per occurrence and to have Plaintiff and Isabella named as additional insureds under all said policies, including excess, with coverage limited to liabilities arising from operations under the Stevedoring Agreement.

14. On April 29, 2011, Plaintiff and Isabella were sued by McGinnis' surviving wife and three children who claimed that Plaintiff and Isabella were liable for McGinnis' death, pursuant to *Stacie L. McGinnis et al. vs. Interoceanica Agency, Inc.; and Isabella Shipping Co., Inc.*; Civil Action No. 3:11-cv-214; the suit is presently before Judge David Hittner in the Houston Division.

15. Plaintiff provided notice of the claim to its insurance broker who then made notice of the claim to TT Club and Great American. Plaintiff later provided to Ports notice of the claim and a demand for confirmation of its and Isabella's status as additional insureds.

16. TT Club responded to the notice of claim and immediately undertook to provide Plaintiff and Isabella with a defense.  Great American initially denied coverage.  Ports advised Plaintiff that it retained a $500,000.00 self-insured retention ("SIR") and that the balance of the $5,000,000.00 coverage was provided by the London insurance policy. The London insurance policy initially denied coverage.

17. As stated above, Ports itself has a $500,000.00 SIR that covers Plaintiff and Isabella for liabilities arising from operations under the Stevedoring Agreement. Above the Ports' SIR is the London policy which policy number is PAW2010. (Exhibit B, attached). This policy is in the amount of $4,500,000.00. It is Plaintiffs' understanding that above the London policy there is excess liability insurance.  The London policy provides in pertinent part that additional insured status shall be granted to any entity to whom Ports was obligated to include as an additional insured, and that said coverage shall be primary, without contribution from any other valid and collectible insurance of such additional insured.

18. The Great American policy number is OMH 4956922-03 and it covers Plaintiff and Isabella for liabilities arising from marine terminal operations. (Exhibit C, attached).  This policy is in the amount of $1,000,000.00. Above the Great American policy there is excess liability insurance with Travelers Insurance Company and AGCS Marine Insurance Company in the total amount of $25,000,000.

19. The TT Club policy number is 17807/2010/001 and it covers Plaintiff and Isabella for liabilities arising from accidents involving a trailer which they own or lease for use on public roads. (Exhibit D, attached).  This policy is in the amount of $5,000,000.00.

20. All policies include "other insurance" provisions which, in the event that more than one policy applies to a given liability, describes that policy's relationship to the others in terms of whether it is primary to, or excess of the other insurance.

## V.   PRAYER

21. Plaintiff respectfully prays that Defendant insurance entities be cited to appear and answer herein, and that upon final hearing, Plaintiff have judgment to include:

   a. A declaration that Ports' SIR, the London policy, the Great American policy and the TT Club policy, and all applicable policies excess to these insurances, all cover Plaintiff and Isabella for the liabilities to which they are exposed by the McGinnis suit;

   b. A declaration that establishes the order of insurance coverage as between Ports' SIR, the London policy and the insurance excess and above it, the Great American policy and the insurance excess and above it, and the TT Club policy.

   c. Plaintiff also respectfully requests that the Court order a speedy hearing of this declaratory judgment action pursuant to FED. R. CIV. P 57.

Respectfully submitted,

LEGGE, FARROW, KIMMITT, MCGRATH & BROWN, LLP

/s/ *Thomas R. Nork*
Thomas R. Nork
Texas Bar No. 15078500
Federal ID No. 12690
5151 San Felipe, Suite 400
Houston, Texas 77056
Phone: (713) 917-0888
Fax: (713) 953-9470
Email: tnork@leggefarrow.com
**ATTORNEY-IN-CHARGE FOR INTEROCEANICA AGENCY, INC.**

6